IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RANDALL OSORIO, ) | |
| Plaintiff, ) | |
| v. ) | CIV 05-1510 PHX FJM (MEA) |
| JOSEPH ARPAIO, ) | MEMORANDUM AND ORDER |
| Defendant. ) | |

Pending before the court is Defendant's Motion to Dismiss (Doc. #9).

I.

Plaintiff filed a *pro se* complaint (Doc. #1) on May 20, 2005, alleging violation of his civil rights by Defendant while detained at a Maricopa County jail facility. On June 13, 2005, the court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights by providing him with inadequate and undercooked food and by subjecting him to overcrowded and unsanitary living conditions. Doc. #3. Plaintiff's complaint seeks injunctive relief and monetary damages.

Defendant waived service, see Doc. #8, and filed a motion to dismiss on October 17, 2005. Doc. #9. Defendant asserts that the complaint must be dismissed, pursuant to 42

U.S.C. § 1997e, because Plaintiff failed to exhaust his administrative remedies under the Maricopa County jail grievance process before filing his section 1983 action.

In an order (Doc. #11) dated October 20, 2005, Plaintiff was advised that his failure to respond to the motion to dismiss within thirty days could be deemed consent to the entry of judgment against Plaintiff, pursuant to LRCiv 7.2. No response has been received

**II.**

In deciding a motion to dismiss under Rule 12(b)(6), the court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, *pro se* complaints are held to a less strict standard than those drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Exhaustion is

an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). Therefore, Defendant has "the burden of raising and proving the absence of exhaustion." Wyatt, 315 F.3d at 1119. The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. Id. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

Detainees complaining about the conditions encountered at a Maricopa County jail facility may pursue an administrative grievance in accordance with the three-step process outlined in the Maricopa County Sheriff's Office Policy and Procedure manual. Doc. #9, Exh. A. Defendant asserts that Plaintiff did not exhaust his administrative remedies with regard to any complaint regarding the living conditions in a Marciopa County jail facility because he did not initiate any grievance regarding any of his claims while incarcerated in a Maricopa County jail facility. Id. at 3 & Exh. B.

The evidence presented by Defendant establishes that administrative remedies were available to Plaintiff and that Plaintiff failed to properly pursue them.

Moreover, LRCiv 7.2 provides that a party's failure to respond to a motion may, in the court's discretion, be deemed a consent to the court's granting of judgment in favor of the movant. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

Plaintiff does not contest Defendant's assertion that he has failed to fulfill a prerequisite to filing his section 1983 complaint. Therefore, Plaintiff has failed to plead facts which establish that he has stated a claim for relief.

**THEREFORE, IT IS ORDERED THAT** Defendants' Motion to Dismiss (Docket No. 9) is **GRANTED**. Plaintiff's complaint is hereby **dismissed without prejudice**.

DATED this 11th day of January, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge